# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Gerald Mullins

v.

Michael Shawn Tench et al.

November 6, 1991

Case No. CH91-123

By JUDGE WILLIAM H. LEDBETTER, JR.

The plaintiff, Mullins, has filed a pure bill of discovery to obtain information regarding an automobile accident that occurred on June 26, 1991, in Fredericksburg. According to the bill, the defendant, Michael Tench, was the operator of the vehicle that collided with Mullins's vehicle; the defendant, Winfield Tench, was the owner of that vehicle; and the defendant USAA provided or may have provided insurance coverage pertaining to the accident. The defendants filed a demurrer. Arguments on the demurrer were heard on October 28, 1991, and this opinion addresses the demurrer.

In their demurrer, the defendants contend that the pure bill of discovery is "an antiquated and obsolete procedure which has been superseded by the . . . discovery procedure . . . in the Rules . . ."; that Mullins has an adequate remedy at law; and that Winfield Tench and USAA are improper defendants.

The bill of discovery developed in chancery practice as a means by which one of the parties to a law action, threatened or pending, could compel the adversary to disclose facts and produce papers regarding the controversy. *See* W. M. Lile, *Notes on Equity Jurisprudence* (1921), p. 248. At the time, pretrial discovery procedures were

nonexistent and, more importantly, parties to an action at law were incompetent to testify as witnesses in the action. Thus, equity intervened to allow access to pertinent information otherwise unavailable.

Statutes have abolished the rule excluding parties as witnesses (Virginia Code, § 8.01-396), and modern civil practice now embraces an array of pretrial discovery devices (Rules of the Supreme Court of Virginia, Part IV). Because of these changes, it would seem at first blush that the old equitable discovery device used here is obsolete and no longer usable. It is axiomatic that equity will not grant relief or fashion a remedy where the complainant has an adequate remedy at law.

Nevertheless, it is said that the right to file a bill of discovery continues except where abolished by statute. Lile, *supra*, p. 248. No statutory abolition has occurred in Virginia. In fact, the only codified reference to the bill of discovery indicates that the procedure is still recognized. *See* Virginia Code § 8.01-283.

Therefore, antiquated and rare as the bill of discovery may be, this court is of the opinion that such an equitable procedure has not been abolished nor is its availability removed by the pretrial discovery rules.

Historically, the bill of discovery has been considerably narrower in scope than the rules governing pretrial discovery. Part Four of the Rules permits discovery of any matter relevant to the subject of litigation, admissible or not, if the information sought is reasonably calculated to lead to the discovery of admissible evidence. Rule 4:1(b). Insurance agreements are expressly subject to pretrial discovery. The rules of pretrial discovery are "greatly enlarged versions of several devices of the traditional equity pleadings and practice." W. H. Bryson, *Handbook on Virginia Civil Procedure* (1989), p. 319.

In contrast, the bill of discovery, chosen here, is available to one of the parties to a law action, threatened or pending, against the other party, for the production of information needed by the party filing the bill *as evidence in his behalf*. Lile, *supra*, p. 248.

The bill contains no allegation that would permit the court, in this sort of proceeding, to compel the production of information by Winfield Tench or USAA. Nothing contained in the bill demonstrates that these defendants

are "adversaries" of Mullins in any pending or threatened litigation, or that any of the information sought could be used as evidence in an action *against them.*

Therefore, the demurrer will be sustained and granted as to Winfield Tench and USAA.

The question posed in interrogatory 1 on page 2 of the bill is inappropriate for the reason that it addresses a matter inadmissible at trial, and the demurrer will be sustained and granted as to that query.

The demurrer is otherwise overruled, and the defendant, Michael Tench, will respond to interrogatories 2-10 set forth in the bill.

Mr. Massey will please prepare and circulate a sketch order, making reference to this opinion letter and allowing Michael Tench twenty-one days from the date of the order to file his responsive pleading.